Felton H. HORTON (Mrs. Willie Mae Huggins Horton, Individually, etc., et al., substituted for Felton H. Horton, deceased),

v.

UNITED SERVICES AUTOMOBILE ASSOCIATION et al.

No. 15010.

United States Court of Appeals, Fifth Circuit.

Jan. 25, 1955.

———◆———

Whitfield Jack, Shreveport, La., Booth, Lockard, Jack & Pleasant, Shreveport, La., of counsel, for appellants.

G. M. Bodenheimer, Jr., Browne, Browne & Bodenheimer, Shreveport, La., for defendant-appellees.

Before HUTCHESON, Chief Judge, and BORAH, Circuit Judge.

PER CURIAM.

Brought against the driver of one of two automobiles and her husband, the suit was for damages sustained by the plaintiff, a guest in the other car.

The claim was that the collision, with its resulting damage to plaintiff, was due wholly or in part to the negligence of the driver of defendants' car, and that defendants were therefore liable to plaintiff for the damages sued for.

Tried to the court and a jury, there was a directed verdict and judgment [1]

[1] The directed verdict came about under these circumstances. At the close of plaintiff's evidence, defendants filed the customary motion for a directed verdict, and the trial court reserved decision on the motion. Thereafter, out of the presence of the jury but before the defendants had offered any evidence, the trial court commented to the effect that he thought the motion was probably good, plaintiff's case was very weak, etc. Court was then reopened and before the defendants offered any evidence or testimony, the plaintiff moved to reopen the case for the purpose of calling Mrs. Sullivan on cross-examination. This motion was denied, the court, however, stating "We understand and are advised that defendants' counsel will place Mrs. Sullivan on the stand as a witness for the defendants and at that time counsel for plaintiff of course will be afforded the opportunity of cross examining Mrs. Sullivan." Thereafter, trial was resumed, Mrs. Sullivan was placed on the stand, and after she had given testimony on direct, includ-

for defendant, and plaintiff appealed, insisting that, as matter of procedure, in first granting plaintiff the right to cross examine defendant and later denying him that right, and, as matter of substance, in holding that plaintiff had failed to make out a case for a jury verdict, the district judge had erred and the judgment may not stand.

We find ourselves in agreement with both of these positions. It will not do to say, as appellees do, that plaintiff is not in a position to assign error because his counsel failed to make a statement as to what he intended to prove by Mrs. Sullivan. For while his motion to reopen the case in order to call Mrs. Sullivan on cross-examination was in form denied, it was in effect granted by the assurance of the court that plaintiff would be permitted to cross examine Mrs. Sullivan when she took the stand as defendants' witness. Under the circumstances attending the denial of this granted right and the direction of the verdict as of the close of plaintiff's case, plaintiff's counsel was not afforded an opportunity to make such a showing.

█ As to the direction of the verdict itself, while the findings of fact in the opinion of the Court of Appeal of Louisiana, in Sullivan v. Locke, 73 So.2d 616, are, of course, not binding upon the district court or this court, we think its summary of the evidence and the statement of its conclusions bear very strongly against the view of the district judge that as matter of law the evidence was insufficient to take to the jury the crucial questions in the case, whether Mrs. Sullivan, the driver of the car was or was not negligent, and whether that negligence was a proximate cause of the collision and damages.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

ing testimony as to her version of the occurrence at the time of the collision, but before the plaintiff had had an opportunity to cross examine her, a recess was ordered and a colloquy was had over whether plaintiff would be permitted to cross examine her with respect to whether there was a policy of insurance on the car.

Thereupon the court, stating that after the further consideration of the motion for a directed verdict, filed by defendants at the close of plaintiff's evidence, being convinced that the motion was good and should have been sustained, sustained the motion and judgment was entered accordingly.